**STATE of Missouri, Plaintiff–Respondent,**

v.

**Charles PICKENS, Defendant–Appellant.**

No. 54177.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 6, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 4, 1989.

---

1. Mother's motion for damages for frivolous appeal is denied.

Terence W. Niehoff, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster. Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted of involuntary manslaughter, § 565.024, RSMo 1986, and sentenced by the jury to serve seven years and pay a fine. The court imposed a fine of $5,000. He appeals; we affirm.

Victim was living with her mother and defendant as part of a family although her mother and defendant were unmarried. On the day of the crime, defendant, while sitting on the front steps of the house they resided in, shot victim with a .30–caliber rifle killing her. The police report of the shooting included a summary of a police interview of victim's 12–year old sister; defendant's counsel obtained a copy of the report before trial. Charges were filed against defendant in July, 1986; the trial began on May 4, 1987. On April 30, 1987, the state endorsed the sister as a witness and notified defendant of the endorsement.

Defense counsel's initial objection to the sister's testimony came on the morning of the first day of trial when he argued any testimony by her regarding unsubstantiated allegations of other crimes would be prejudicial and should be excluded. The court overruled his objection. He did not object to her testimony on the basis of surprise until the second day of trial, just before she began to testify. At that time he stated,

> I would claim surprise as to any of her testimony inasmuch as the endorsement was approximately a year after the charge was granted and I was given about four or five new witnesses who in turn were named this past week. I had no objection. I told [opposing] counsel I usually never object to late filing witnesses.

The court overruled his objection.

In his point on appeal defendant contends the court abused its discretion in overruling his motion to exclude the sister as a witness; in his brief he argues her late endorsement as a witness prejudiced him. Rule 23.01(f) governs the endorsement of witnesses by the prosecutor. The rule provides, in part, that "[a]dditional witnesses may be listed at any time after notice to the defendant upon order of the court." Rule 23.01(f). The applicable law is stated in *State v. Renner*, 675 S.W.2d 463, 464–65 (Mo.App.1984), as follows:

> Several factors are taken into consideration in determining whether the trial court abused its discretion in permitting the late endorsement of witnesses. These factors include whether the "defendant waived the objection; whether the state intended surprise or acted deceptively or in bad faith, with intention to disadvantage the defendant, ... whether in fact defendant was surprised and suffered any disadvantage, ... and whether the type of testimony given might readily have been contemplated." (Citations omitted).

*Id.* Quoting *State v. Stokes*, 638 S.W.2d 715, 719–20 (Mo. banc 1982), *cert. denied*, 460 U.S. 1017, 103 S.Ct. 1263, 75 L.Ed.2d 488 (1983).

Defendant has failed to show the testimony was unanticipated, he was surprised and harmed, or that the state intended to

disadvantage him. The testimony of the victim's sister at trial was basically the same as her earlier statements to the police and was cumulative of testimony by other witnesses. Thus, the trial court did not abuse its discretion and defendant's point is without merit.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.